IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HORIZON LINES, LLC

    Plaintiff

             v.

JOSE MANUEL MEDRANO-GUERRERO

    Defendant

Civil No. 08-1882 (SEC)

**OPINION & ORDER**

Plaintiff, Horizon Lines, LLC ("Horizon"), brought the present law suit seeking declaratory relief pursuant to 28 U.S.C. § 2201. Horizon claims that Defendant José Manuel Medrano-Guerrero ("Medrano"), an ex-employee of the company, suffered a fatal injury after falling from one of the company´s ships, the Horizon Challenger. See Docket # 1. Allegedly, Medrano's sister contacted the company through counsel seeking the payment of maintenance and cure. Id. at 2. On August 8, 2008, Horizon brought the present action seeking declaratory judgment affirming its contention that at the time of the accident Medrano was not a seaman eligible for coverage under the Jones Act. Id.; see also 46 U.S.C. § 688.

Horizon alleges that since the filing of the complaint Medrano passed away. See Docket # 12 at 1. Furthermore, the company was never able to serve process on Medrano, and has also been unsuccessful serving process on any other member of his family. Furthermore, Horizon admits that, "Plaintiff is uncertain which is the proper party to serve." Id. at 2. Accordingly, nearly nine months have passed since the Court received the complaint and no progress towards resolution has been made. The lack of an estate also implies that there is not an eminent threat of legal action against Horizon, hinting that the present action is not yet ripe.

**CIVIL NO. 09-1882 (SEC)**                                                                                            Page 2

---

Given that no party with actual authority to make claims on Medrano's behalf has approached Horizon, there lacks a substantial controversy. A live controversy is conditio sine qua non under the Declaratory Judgment Act. Boston Teachers Union, Local 66, Aft AFL-CIO v. Edgar, 787 f.2d 12, 16 (1st Cir. 1986). While a potential controversy exists, the facts as plead lack sufficient immediacy and reality. Id. At present, Horizon cannot identify the parties with a direct interest in Medrano's estate, and it is unclear whether they would seek any type of monetary compensation, including maintenance and cure, from the company. "Article III requires some minimum likelihood that the relief sought actually does or could matter." Neely v. Benefits Review Bd., 139 F.3d 276, 279 (1st Cir. 1998). With Medrano deceased, and no estate yet existing, the possible dénouement of this process is still too vague to sustain declaratory judgment.

Accordingly, this Court notes that it has already granted an additional four (4) months for service of process (Docket # 11), and there is no indication that an additional period would guarantee service. Furthermore, Horizon will suffer no real prejudice if the present action suffers dismissal, because they have not received a formal claim from Medrano, or his estate. No ruling can be made in the absence of an adverse party, and this Court sees no reason why the present lawsuit should remain on the docket pending ripeness. As such, Horizon's motion for an extension of time for service of process is **DENIED**, and the present action shall be **DISMISSED without prejudice**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of April, 2009.

S/Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. District Judge